IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENNETH CAMPBELL                                                      PLAINTIFF

v.                                             CIVIL ACTION NO. 1:22-CV-70-SA-DAS

CARGILL, INC.                                                     DEFENDANT

ORDER AND MEMORANDUM OPINION

On May 17, 2022, Kenneth Campbell initiated this civil action by filing his Complaint [1] against Cargill, Inc. under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Now before the Court is Cargill's Motion to Dismiss, or, alternatively, Motion for Summary Judgment [3]. Having reviewed the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Factual & Procedural Background*

Campbell was employed by Cargill at its Lowndes County, Mississippi plant from 1977 until 1986 when the plant ceased operations. According to the Complaint [1], Cargill provided Campbell paperwork stating that he had been fully vested, and an employee of Cargill verbally told Campbell that he would receive retirement benefits. However, Campbell alleges he contacted Cargill in 2021 to set up his pension benefits and was denied.

Campbell thereafter filed his Complaint [1], alleging that Cargill's denial of his pension benefits was wrongful and violated ERISA. In response, Cargill filed the present Motion [3], requesting dismissal on the basis that Campbell failed to exhaust his administrative remedies.

*Legal Standard*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56." FED. R. CIV. 12(d). Upon converting a 12(b)(6) motion to a motion for summary judgment, the court must provide the parties "ample notice" that it may consider "extra-pleading material" that would require conversion. *Boateng v. BP, P.L.C.*, 779 F. App'x 217, 220 (5th Cir. 2019) (quoting *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016)). However, when the parties themselves reference matters outside of the pleadings, the notice requirement is satisfied. *Id.* (citing *Darlak v. Bobear*, 814 F.2d 1055, 1065 (5th Cir. 1987)).

Similarly, if the court converts a motion under Rule 12(b)(6) to a motion under Rule 56, "[a]ll parties must be given reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. 12(d). Rule 56 provides that "[i]f a nonmovant shows by *affidavit or declaration* that, for *specific reasons*, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. 56(d)(1)-(3) (emphasis added).

Summary judgment is appropriate where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

*Analysis & Discussion*

As an initial matter, the Court must determine whether to convert Cargill's Motion [3] to one for summary judgment. Cargill attached to its Motion [3] a Declaration from Stacey Rice, its Employee Benefits Lawyer, stating that Campbell did not submit a claim to the Benefits Service Center. *See* [3], Ex. 1. A portion of the Plan's claim procedures and Summary Plan Description ("SPD") are attached to the Declaration. Cargill relies on these exhibits to prove that Campbell did not exhaust his administrative remedies. Campbell similarly relies on his own Affidavit describing his interactions with Cargill to support his argument that he should be excused from the

2

administrative exhaustion requirement. *See* [7], Ex. 1.[1] Because the parties rely on matters outside of the pleadings, the Court must treat this motion as a motion for summary judgment. *See, e.g., Trahan v. Metro. Life Ins. Co.*, 2019 WL 491359, at *2-3 (W.D. La. Jan. 23, 2019) (unpublished) (converting 12(b)(6) motion to motion for summary judgment where insurance company relied on affidavit of litigation specialist to support claim that plaintiff had not exhausted administrative remedies).[2] Where a party references matters outside of the pleadings, as both have done in this case, the parties have sufficient notice that the court may treat the motion as a motion for summary judgment. *Boateng*, 779 F. App'x at 220 (citing *Darlak v. Bobear*, 814 F.2d 1055, 1065 (5th Cir. 1987)).

Campbell requests that the Court grant him time to conduct discovery so that he may present all material pertinent to Cargill's Motion [3]. Specifically, Campbell requests time to question Rice under oath because her Declaration is unsworn and because it does not mention whether Campbell was provided information regarding the Plan when he requested it. [7] at p. 2.[3] Although Rule 56(d) does provide a mechanism through which a party may seek additional time to conduct discovery in connection with a summary judgment issue, that rule requires that the specific reasons for the request be set forth in an affidavit or declaration. Even assuming Campbell had complied with this prerequisite (which he did not), he has not "set forth a plausible basis for

---

[1] For the sake of clarity, the Court notes that Campbell does not explicitly argue that he should be excused from the exhaustion requirement or that he exhausted his administrative remedies. Rather, his Response [7] states that he made a claim for benefits and was denied, he did not receive an SPD, and "On that basis . . . a factual dispute exists." [7] at p. 3. However, the essence of Campbell's argument is that he should be excused from the administrative exhaustion requirement.
[2] *See also Wilkes v. Cargill, Inc.*, 2022 WL 4134745, at *2 (N.D. Miss. Sept. 12, 2022) (where Cargill filed a motion to dismiss with a similar declaration attached and the court treated the motion as a motion for summary judgment).
[3] The Court notes that Rice's Declaration conforms with 28 U.S.C. § 1746's form requirements for unsworn declarations offered in support of any matter that may be supported by a sworn declaration or affidavit. That is, Rice "declare[s] under penalty of perjury that the foregoing is true and correct," and signs and dates the Declaration, as required by the statute. [3], Ex. 1 at p. 3. The Court may therefore consider the Declaration in support of Cargill's Motion [3].

believing that specified facts . . . probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Waddell v. Miss. Dept. of Wildlife, Fisheries and Parks*, 2020 WL 3669938, at *1 (N.D. Miss. July 6, 2020) (quoting *Ruby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). The only *specific* reason Campbell provides in support of his request to conduct discovery is the need to question Rice on whether he was provided a copy of the Plan. Cargill does not dispute that Campbell did not receive a copy of the Plan and, as set forth more fully hereinafter, that issue is non-dispositive. As Campbell has not identified specific facts that may exist and that would influence the pending Motion [3], the Court will not delay ruling on it.

"[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citing *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1300 (5th Cir. 1985)). Here, the Plan requires claims to be submitted in writing to the Cargill Benefit Service Center, and the Plan provides a procedure for an administrative appeal. *See* [3], Ex. 1 at p. 6, 11. The Plan specifically states that:

> The Administrator shall notify a Participant in writing within a reasonable period of time, not to exceed ninety (90) days, following the Plan's receipt of the Participants *written claim for benefits*, of his or her eligibility or noneligibility (i) for benefits under the Plan or, (ii) if the claim is for different or greater benefits, for the benefits claimed by the Participant.
>
> . . .
>
> A Participant *must* use and exhaust the Plan's administrative claims procedures before bringing suit in either state or federal court. A Participant's failure to follow the Plan's prescribed procedures in a timely manner shall cause the Participant to lose his or her right to bring suit regarding an adverse benefit determination.

[3], Ex. 1 at p. 6-7 (emphasis added).

4

In his Affidavit, Campbell explains that in 2021 he began "contacting Cargill about [his] pension benefits and how to begin receiving [his] benefits" and he spoke with personnel in Cargill Human Resources Department at least four times. [7], Ex. 1 at p. 1. He alleges that he spoke with "numerous employees" who told him that his case was being "researched." *Id*. In 2022, Campbell received an undated letter stating the following:

> You recently contacted the Benefit Services Center inquiring about a benefit due under the Cargill Pension Plan. We have reviewed our plan records and they indicate that your plan benefits have been fully paid. At the time you terminated employment, the Plan had a provision that if the present value of the benefit was under $3,500 it would be paid in a lump sum as soon as administratively possible following termination. Based on your years of service and benefit level, the benefit amount would have been under this threshold and your full plan benefit would have been paid in a lump sum shortly after your termination. Thus, no further benefits are due under the Plan.
>
> If you have further questions, please contact the Cargill Benefit Service Center at 1-800-495-9006.

[7], Ex. 1 at p. 4.

As this letter illustrates, Campbell did contact Cargill regarding the status of his benefits, but the letter makes no reference to any *written* submission. In fact, Cargill argues that Campbell submitted no claim whatsoever because his informal conversations with Cargill did not comport with the Plan's written claim procedure and Cargill's letter does not refer to his inquiry as a claim. To support this argument, Cargill references Rice's Declaration, which specifically states that "I have confirmed with the Cargill Benefit Service Center that Mr. Campbell did not submit a claim for a pension benefit under the Plan." [3], Ex. 1 at p. 3. For his part, Campbell never contends that he submitted a written claim.

The Plan clearly requires Campbell to submit a claim in writing. While Campbell asserts that he made a claim, he at no point alleges that he submitted a claim in writing. In a relatively

5

similar case where the plaintiff filed suit after numerous conversations and a similar letter regarding his pension benefits, the Fifth Circuit held that allowing "informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement." *Bourgeois*, 215 F.3d at 480, n. 14. In another case, *Meza v. General Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990), the plaintiff attempted to bring his initial claim via lawsuit. The Fifth Circuit rejected this attempt to circumvent administrative exhaustion because it would undermine the policies underlying the exhaustion requirement, including the need for creation of a clear administrative record prior to litigation. *Id*. at 1279.

Despite these authorities, Campbell essentially asks to be excused from the exhaustion requirement because he was "never advised or given any documentation about how to appeal this process or file a claim" and never provided a copy of the current Plan or SPD as required by ERISA, 29 U.S.C. § 1024(b). [7], Ex. 1 at p. 2. To this, Cargill responds that Campbell was no longer a participant under the Plan after the cash out of his pension, and therefore Cargill was no longer statutorily required to provide him copies of the Plan. In addition, Cargill directs the Court's attention to *Meza*, 908 F.2d at 1279, where the Fifth Circuit held that individuals are not excused from exhausting their administrative remedies where they were never informed of the applicable procedures. Consequently, Cargill asserts, even if Campbell still qualified as a participant under the Plan, the administrator's failure to provide current Plan documents does not excuse Campbell from the administrative exhaustion requirement.

The Fifth Circuit previously rejected Campbell's argument in *Bourgeois*, specifically holding that "*Meza* imposes a duty to seek the necessary information even if it has not been made available, and Bourgeois knew or should have known that according to the Plan, he was supposed to file a claim with the Committee." *Id*. at 480. The court further stated that "plaintiffs seeking

6

ERISA plan benefits are bound by the plan's administrative procedures and must use them before filing suit *even if they have no notice of what those procedures are.*" *Id*. (emphasis added).

Against this backdrop, this Court finds that Campbell's failure to comply with the plan is dispositive. While Campbell contends that his phone calls constituted a claim, he concedes that he did not submit a claim *in writing* as required by the Plan. And although he contends that he did not have a copy of the Plan documents, he has come forward with no persuasive argument as to why the Fifth Circuit's holdings in *Bourgeois* and *Meza* should not apply. The Court simply cannot excuse his failure to comply with the Plan's claims procedure.

*Conclusion*

For the reasons set forth above, Cargill's Motion to Dismiss, or alternatively, Motion for Summary Judgment [3] is GRANTED. Campbell's claims against Cargill are hereby dismissed *without prejudice*. This CASE is CLOSED.

SO ORDERED, this the 17th day of January, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

7